[Crim. No. 1356. In Bank.—July 2, 1906.]

## H. N. PEDERSEN, Petitioner, v. SUPERIOR COURT OF CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

ATTORNEY CONVICTED OF FELONY—APPEARANCE ON CRIMINAL CHARGE—MANDAMUS.—An attorney convicted of a felony, who is in custody pending appeal, cannot lawfully appear in behalf of another person accused of crime; and *mandamus* will not lie to compel the superior

court to allow such appearance for the purpose of defending the petitioner.

ID.—DUTY OF SHERIFF—ESCAPE.—It is the duty of the sheriff to hold an attorney who is convicted of felony and not admitted to bail pending appeal from the judgment of conviction in custody, and to permit him to go at large for any purpose is to permit an escape.

ID.—POWER OF SUPERIOR COURT.—The superior court has inherent power under such circumstances to refuse to allow the admitted attorney in custody to appear on behalf of another person charged with crime, or to appear for any purpose that would involve subsequent appearance in the same matter for the orderly disposition of the case.

APPLICATION for Writ of Mandate to the Superior Court of the City and County of San Francisco. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

George D. Collins, for Petitioner.

THE COURT.—The petitioner is charged by information in the superior court with a public offense, and by this petition he seeks a writ of mandate to compel that court to allow one George D. Collins to appear as attorney for the petitioner in said court and there to defend him against the said charge.

Collins has been regularly admitted to practice as an attorney in all the courts of the state, and has never been disbarred or suspended, but he has been convicted of a felony in the said courts and has been duly sentenced to imprisonment in the state prison therefor. He has taken an appeal from the judgment of conviction, and has secured from the judge of said court a certificate of probable cause, which stays proceedings on the judgment pending the appeal. Bail has not been allowed to Collins, and in the mean time he is in the custody of the county sheriff awaiting the prosecution and determination of the appeal. The petition avers that, notwithstanding these conditions, Collins can and will appear in the said superior court at all times when necessary to attend to the defense of the petitioner on said charge. This is, of course, a mere opinion of the petitioner, and not an allegation of fact. In truth, he cannot lawfully appear at will in said court for that purpose.

Section 1244 of the Penal Code provides that when a certificate of probable cause has been issued the sheriff must, if the defendant be in his custody, upon being served with a copy thereof, keep the defendant in his custody without executing the judgment, and detain him to abide the judgment on appeal.

Section 1600 of the Penal Code is as follows: "A prisoner committed to the county jail for trial or for examination, or upon conviction for a public offense, must be actually confined in the county jail until he is legally discharged; and if he is permitted to go at large out of the jail, except by virtue of a legal order or process, it is an escape."

In the sense in which the words are used in these sections, Collins is at present in custody either "upon conviction" or awaiting trial,—that is to say, the trial of his appeal,— and if the judgment of conviction is reversed and the cause remanded for a new trial, then for the subsequent trial of the charge. He is therefore to be confined in the county jail, and the sheriff can have no authority, of his own motion, to permit him to appear in court or elsewhere, or to allow him to go outside of the jail for any purpose. If the sheriff does voluntarily permit him to go at large outside, either with or without an escort, the sheriff himself is guilty of permitting an escape. There is no express authority for the superior court to enlarge him without bail, except for the purpose of allowing him to appear in court to make his defense to the charge pending against him, and possibly to appear for the prosecution of his appeal. The superior court has inherent power, under such circumstances, to refuse to allow an admitted attorney to appear on behalf of another person charged with crime, or to appear as an attorney for any purpose that would involve a subsequent appearance in the same matter for the regular and orderly disposition of the case.

The petition is denied.